UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

AMANDA MAYFIELD,

    Plaintiff,

vs.                                                                                         Civ. No. 07-00524 JP/RLP

STATE OF NEW MEXICO, NEW MEXICO
DEPARTMENT OF TRANSPORTATION,
RONALD MYERS, BRIAN BROCK,
AND GEORGE HARNEY, IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On March 12, 2008 Defendants the State of New Mexico (the State), the New Mexico Department of Transportation (NMDOT) and Brian Brock filed their Motion for Summary Judgment (Doc. No. 56) and Memorandum in support (Doc. No. 57). On March 14, 2008, Defendant Ronald Myers filed his Motion for Summary Judgment (Doc. No. 62) and Memorandum in support (Doc. No. 63). Having reviewed both motions, the briefs and relevant law, the Court will grant both motions in part and will dismiss the federal claims against the State, NMDOT, Brian Brock and Ronald Myers with prejudice. Because only state law claims remain, the case will be remanded to state court.

This case was removed to this Court on May 25, 2007 from the First Judicial District Court, Santa Fe, New Mexico. Plaintiff filed her Complaint for Damages on April 5, 2007 alleging

causes of action under 42 U.S.C. § 1983 and under the common law of New Mexico.[1]

*Undisputed Facts.*

In the summer of 2004, Plaintiff, who was a sixteen year old high school student, was employed as a summer intern for NMDOT in Santa Fe, New Mexico. Compl. ¶ 1. Plaintiff worked in a small building known as SB-3, which was separate from the NMDOT's General Office. Plf Dep. 32:5-24. Approximately five to eight employees of NMDOT worked in SB-3. Brock Aff. ¶ 5. On or about September 14, 2004, it was discovered that an employee of the NMDOT, Defendant Ronald Myers, had secretly placed a video camera in the unisex restroom at SB-3. Harney Aff. ¶ 7. Myers surreptitiously videotaped employees, including Plaintiff, while occupying the office unisex restroom. Compl. ¶ 7; Mot. ¶ 2. During the ensuing criminal investigation, it was discovered that Myers was recording, saving, and viewing footage of Plaintiff and another underage female intern. Compl. ¶ 7. Myer's supervisor, Defendant George Harney (Harney), passed away on June 3, 2007. Brock Aff. ¶ 2. All claims against Harney have been dismissed.

Defendant Brock, the Human Resources Bureau Chief for the NMDOT, was Harney's supervisor. Brock Aff. ¶ 1. Brock's office was located in the General Office, which was about 200 yards from SB-3. Brock Aff. ¶ 5; Plf's Dep. 58:16-18. Brock rarely came into contact with Myers and visited SB-3 roughly once every two weeks. Brock Aff. ¶ 5; Plf Dep. 58:16-18. Brock was the custodian of Myers' personnel and employment records. Brock Aff. ¶ 3. Myers' personnel files showed no disciplinary problems involving Myers and no information suggesting

---

[1] Plaintiff filed an amended complaint on October 18, 2007 alleging the same causes of action under 42 U.S.C. § 1983 and under the common law of New Mexico, adding a reference to the New Mexico Tort Claims Act.

that he was inclined to engage in sexually inappropriate behavior. Brock Aff. ¶ 6.

After the camera was discovered, the New Mexico State Police were called in to conduct an investigation. Harney Aff. ¶ 7. Myers was fired from NMDOT and was arrested and convicted on criminal charges. Henry Dep. 21:7-9; Resp. p. 2 (Doc. No. 70).

### *Summary Judgment Standard*

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted).

### *State's Motion for Summary Judgment*

*The State of New Mexico, NMDOT and Brock in his official capacity are not proper defendants.*

Section 1983 of title 42 provides,

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

>shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . . .

42 U.S.C. § 1983.

Counts I-III of the Complaint assert claims for damages under 42 U.S.C. § 1983 alleging that Defendants deprived Plaintiff of her substantive and procedural due process rights, that Defendants violated Plaintiff's equal protection rights, and that Defendants violated Plaintiff's right to privacy. Compl. ¶¶ 16-33.

The State, NMDOT and Defendant Brock in his official capacity are not considered to be "persons" for purposes of § 1983 claims for damages. *See Hartman v. Kickapoo Tribe Gaming Comm'n*, 319 F.3d 1230, 1234 (10th Cir. 2003) (holding that neither state nor its officials acting in their official capacities were "persons" who could be liable for damages under § 1983). *See also McLaughlin v. Board of Trustees State Colleges of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000) ("a governmental entity that is an arm of the state for Eleventh Amendment purposes" is not a "person" for section 1983 purposes) (citation omitted). States and officials in their official capacity may be sued under § 1983 for injunctive relief only. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989) (stating, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983").  Therefore, the Court will dismiss Counts I, II and III against the State of New Mexico, NMDOT and Brock in his official capacity because they are not considered "persons" who can be liable for damages under § 1983.

### *The Qualified Immunity Doctrine Bars Claims Against Brock In His Individual Capacity.*

Defendant Brock argues that he is not liable in his individual capacity because he is entitled to qualified immunity; and therefore, Counts I – III should also be dismissed against him

in his individual capacity. Under the qualified immunity doctrine, government officials "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Woodward v. City of Worland*, 977 F.2d 1392, 1396 (10th Cir. 1992) (quoting, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[L]iability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant" and not upon mere negligence. *Woodward,* 977 F.2d at 1399. As a supervisor of a person charged with constitutional violations, Brock may be held personally liable under § 1983 only upon a showing that Brock knew about Myers's actions and acquiesced in that conduct by refusing to reasonably respond to it. *See Murrell v. School Dist. No. 1, Denver,* Colo., 186 F.3d 1238, 1250-52 (10th Cir. 1999) (finding that school officials and teachers knew of sexual harassment of student and failed to respond thus denying qualified immunity under § 1983); *cf Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (upholding summary judgment against plaintiff for failing to present evidence that supervisors of jail guards knew of sexual misconduct in defendant's background concluding that plaintiff failed to raise a fact question on whether supervisor acted with deliberate indifference); *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) (stating that to impose personal liability on supervisor, plaintiff must prove that supervisor actually knew of and acquiesced in defendant's behavior).

  Brock argues that there is no evidence from which the Court could find that he actually "knew of and acquiesced in" Myers' conduct. Myers' personnel file contained no information from which he could have known of Myers' propensity to engage in this type of deviant behavior. Brock Aff. ¶ 6. Brock also asserts that he had no information from any other source that would

5

have led him to believe that Myers had a tendency toward this type of conduct. Brock Aff. ¶ 7.

Plaintiff argues that both Harney and Brock knew that Myers often came to work late in the morning and made up his time by staying late in the evening. Pl. Dep. 35-36. Plaintiff testified that the normal workday for NMDOT employees was from 7:45 am to 4:45 p.m. and that no one in that office was on a "flex" schedule allowing for deviations from the normal schedule. Pl. Dep. 37:1-4. Three to four times per week, Myers came in to work around 9:00 am to 10:30 am and left after usual working hours. Pl. Dep. 37:5-17. According to Plaintiff, Brock failed to adequately supervise Myers by allowing him to deviate from the normal working hours. Plaintiff also asserts that if Brock would have visited SB-3 more often, he would have discovered and would have known about Myers's actions sooner and could have prevented his behavior. Pl. Dep. 61:11-16. In addition, Plaintiff argues that the freedom given to Myers regarding work hours fostered the impression that he could do what he wanted, when he wanted, without repercussions. Resp. p. 11. Plaintiff argues that this lack of supervision of Myers's behavior encouraged him to engage in the egregious behavior of video taping persons using the restroom. Plaintiff also asserts that closer supervision of Myers would have resulted in earlier detection of pornographic materials in Myers' office and would have led to the earlier discovery of the video camera in the restroom. However, Plaintiff also admits that she was not aware of any fact that would have signaled to Brock that Myers had installed a video camera in the restroom. Pl. Dep. 61:17-20.

The Court finds that Brock's knowledge of and failure to curtail Myers's freedom regarding his work schedule fails to support a reasonable inference that Brock knew or should have known that Myers was secretly video taping persons in the office restroom. Therefore, Plaintiff has failed to carry her burden under § 1983 to show that Defendants knew of Myers's

6

offensive conduct and acquiesced in it by failing to take reasonable measures to stop it. *See Jojola*, 55 F.3d at 491 (stating that to impose liability, supervisor must have actual knowledge of sexually inappropriate incidents or constructive knowledge requiring proof of conduct that was so widespread or flagrant that supervisor "should have known of [it].") (citation omitted). Thus, Brock cannot be held personally liable for damages under § 1983, and the claims in Counts I-III against Brock in his individual capacity will be dismissed.

### *Attorney's Fees*

Defendants ask the Court to award attorney's fees for pursuing patently inadequate claims under § 1983 as provided in 42 U.S.C. § 1988. Section 1988 states,

(b) Attorney's fees

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, . . .

42 U.S.C. § 1988(b).

A prevailing defendant, however, is entitled to attorney's fees only when the "plaintiff's action was frivolous, unreasonable, or without foundation. . . ." *Wimberly v. City of Clovis*, 375 F.Supp.2d 1120, 1123 (D.N.M. 2004) (citations omitted). The Tenth Circuit has stated that only in "rare circumstances" is "a suit . . . truly frivolous so as to warrant an award of attorney['s] fees to the defendant." *Id.* at 1124 (quoting *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir.1995)).

Even though Plaintiff's claims for damages under § 1983 clearly fail, there is no evidence on the record that this action was vexatious, frivolous, or brought to harass Defendants. Therefore, an award of attorney's fees is not appropriate and will be denied.

*Myers's Motion for Summary Judgment*

*Myers Was Not Acting "Under Color of State Law"*

In his summary judgment motion, Myers argues that his activities cannot be considered to have been taken under color of state law; and therefore, Plaintiff's § 1983 claims against him fail as a matter of law.[2]  The federal claims under § 1983 require a showing that Myers's actions were taken under "color of state law." 42 U.S.C. § 1983; *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (stating that § 1983 actions are intended to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights).  Therefore, the only proper defendants in a § 1983 action are those who "'represent the state in some capacity, whether they act in accordance with their authority or misuse it.'" *Jojola*, 55 F.3d at 492 (citation omitted). Private conduct that is not "fairly attributable" to the State is not actionable. *Id.* (citing, *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

Plaintiff argues that the record shows that Myers was acting under color of state law because he was a state employee who engaged in the offending actions on state property during working hours.  However, these circumstances are insufficient to hold Myers liable as a state actor under § 1983.  Whether a person acts under color of state law requires that the defendant have exercised power "possessed by virtue of state law and made possible only because the

---

[2] In his Motion, Myers confines his argument to the dismissal of the § 1983 claims against him in his individual capacity.   Myers makes no mention of the claims against him in his official capacity.  However, even though Defendant Myers did not join in the State's Motion for Summary Judgment, for the same reasons as stated in the first part of this Memorandum Opinion and Order, the claims under § 1983 asserted in Counts I--III of the Complaint against Myers in his official capacity should also be dismissed.  *See Johns v. Stewart*, 57 F.3d 1544, 1551 (10th Cir. 1995) (dismissing *sua sponte* claims against state officers in their official capacities under 11th Amendment immunity).

wrongdoer is clothed with the authority of state law." *Jojola*, 55 F.3d at 492-93.  A private tort "is not committed under color of law simply because the tortfeasor is an employee of the state." *Id.* (citation omitted).  Courts have recognized that it is the plaintiff's burden to establish the existence of "a real nexus" between the defendant's conduct and the defendant's "badge of state authority in order to demonstrate action was taken 'under color of state law.'"
*Id.* at 494 (citation omitted).

  Viewing the record in the light most favorable to Plaintiff, the Court concludes that Plaintiff cannot bring a § 1983 claim against Myers because he did not engage in the offending conduct under "color of state law."  Myers's duties as a Human Resources training and labor relations specialist did not involve the use of video equipment.  Brock Aff. ¶ 5 (Doc. No. 63, Ex. 5).  And, the record contains no evidence that Myers's actions were related in any way to his job duties. *See* Brock Aff. ¶ 5 (outlining Myers's job duties). Finally, nothing in the record suggests that Myers used his authority as a state employee to engage in the conduct alleged here.  Thus, the Plaintiff has failed to establish the requisite nexus between Myers's conduct and the exercise of his state authority. *See Kohler v. City of Wapakoneta*, 381 F.Supp.2d 692, 711 (N.D.Ohio 2005) (finding that police chief, who audio taped an employee in the office restroom, was not acting under color of state law because the conduct "was unconnected to the execution of his official duties" as police chief).

Without a nexus between Myer's actions and his official duties, Plaintiff's claims under § 1983 fail as a matter of law.  Hence, Counts I-III against Defendant Myers will be dismissed.

_____
SENIOR UNITED STATES DISTRICT JUDGE